## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 17-130** |
| **FRANCIS DOUGHERTY** | **:** | |

### GOVERNMENT'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION

The United States of America, by its undersigned attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, and Anthony J. Wzorek and Michelle L. Morgan, Assistant United States Attorneys for the district, respectfully submits a second response in opposition to the defendant's motion for early termination of probation.

**Defense Argument**

After the government filed its response in opposition to the defendant's original motion for early termination of probation, the defendant filed a reply alleging the following:

       1.      That the defendant did not waive his right to file a motion for early termination of probation by the appellate waiver found in his guilty plea. The defendant relies on *United States v. Mabry*, 2021 WL 1111166 (E.D.Pa. March 23, 2021)(Robreno, J.), and *United States v. Martinez*, Criminal No. 13-619-02 (Schiller, J.), and attempts to distinguish *United States v. Oyerinde*, 784 F. Appx 111 (3d Cir. 2019), *United States v. Bell*, 2021 WL 51461 (E.D. Pa. Jan. 6, 2021)(Kearney, J.) and *United States v. Lui*, 2021 WL 242476 (E.D.Pa. Jan. 22, 2021)(Kearney, J.).

2.      That the guilty plea agreement, attachment of rights, and the guilty

plea colloquy were not sufficient to assure that the defendant's plea was knowing and

intelligent.

3.      That the defendant's behavior while on probation is such that early

termination of probation is appropriate.

**Government's Response**

The government submits that the defendant is simply wrong in all of these

arguments.

The defendant states that the waiver provisions in the Eastern District of

Pennsylvania cases discussed in his motion are materially identical to the one in Mr.

Dougherty's plea agreement. That is so except for the case upon which he mainly relies for

his argument, that is, the *Mabry* case, decided by Judge Robremno.

In *Mabry*, the appellate waiver considered by Judge Robreno read:

> The defendant is aware that Title 18, United States Code,
> Section 3742 affords a defendant the right to appeal the
> conviction and sentence imposed. Acknowledging all of this,
> the defendant knowingly waives any right to appeal any
> conviction and sentence, including a sentence imposed within
> the statutory maximum, on any and all grounds set forth in Title
> 18, United States Code, Section 3742, or any other grounds
> constitutional or non-constitutional, including the manner in
> which that sentence was determined in light of *Blakely v.
> Washington* [542 U.S. 296], 124 S. Ct. 2531 [159 L.Ed.2d 403]
> (June 24, 2004) [and *United States v. Booker and Fan* [543 U.S.
> 220], 128 [125] S. Ct. 738 [160 L.Ed.2d 621] (2005)]. The
> defendant also waives the defendant's right to challenge any
> conviction or sentence or the manner in which the sentence was
> determined in any collateral proceeding, including but not
> limited to a motion brought under Title 28, United States Code,
> Section 2255. The defendant further acknowledges that this
> appeal waiver is binding only upon the defendant, and that the

United States retains its right to appeal in this case.

*United States v. Mabry*, 2021 WL 1111166 at \*2.

In the instant case, the waiver read:

> In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, **or any other matter relating to this prosecution**, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, **or any other provision of law**.
>
> a.      Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> b.      If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:
>
> 1.      that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 4 above;
>
> 2.      challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;
>
> 3.      challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and
>
> 4.      that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.
>
> If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

> The defendant acknowledges that filing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The government promises that it will not declare a breach of the plea agreement on this basis based on the mere filing of a notice of appeal, but may do so only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the filing and pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

Dougherty Guilty Plea, Attachment A to Government's Initial Response (emphasis added). In addition to stating that no appeal or collateral attack will be allowed for any other matter relating to this prosecution, or under any other provision of law, the Dougherty waiver specifically enumerates the only types of appeals or collateral attacks that will be permitted after the guilty plea.

Courts that have considered the exact same language found in Dougherty's waiver have found that motions to terminate fall within the appellate waiver and as such are precluded by that very waiver language.

In *United States v. Oyerinde*, 784 F. Appx 111 (3d Cir. 2019), considering a defense motion to terminate supervised release before the original term imposed, the Third Circuit, in an unpublished decision, reviewed the same waiver language found in Haddad's waiver. The Court said

> At its core, <u>Defendant's motion for early termination of supervised release challenged his original sentence by seeking</u>

> to shorten the term of his supervised release. Contrary to
> Defendant's characterization of his appellate claim as a
> question of law, and regardless of the chronological posture
> of the facts that Defendant relied on in support of his motion,
> Defendant's appeal from the denial of the motion for early
> termination of supervised release likewise implicates his
> sentence. We will therefore grant the Government's motion to
> enforce the appellate waiver because Defendant's challenge
> to his supervised release term falls within the scope of the
> appellate waiver. For the foregoing reasons, we will grant the
> Government's motion, enforce the appellate waiver, and
> summarily affirm.

*Id. at 114.* (emphasis added.) The defendant's attempt to distinguish *Oyerinde* fails in light

of the clear language that a challenge to the supervised release term falls within the scope

of the appellate waiver.

Similarly, in *United States v. Bell*, 2021 WL 51461 (E.D. Pa. Jan. 6, 2021)(Kearney,

J.), looking at the exact same waiver language found in the Dougherty guilty plea, and

citing to *Oyerinde,* Judge Kearney stated:

> Consistent with our Court of Appeals' decision in *Oyerinde*, we find
> the identical appellate waiver provision in Mr. Ball's plea agreement
> bars his petition. Mr. Ball knowingly and voluntarily agreed to the
> appellate waiver. Judge Stengel closely reviewed Mr. Ball's plea
> agreement with him during the plea colloquy. He explained to Mr.
> Ball he faced life imprisonment and a potential life-term of
> supervised release. He also explained to Mr. Ball the plea agreement
> waived Mr. Ball's rights to appeal his sentence. Mr. Ball confirmed
> he understood these terms. Judge Stengel also asked Mr. Ball several
> questions about whether his plea was knowing and voluntary, and
> Mr. Ball answered these questions to Judge Stengel's satisfaction.
> Mr. Ball does not offer a basis for us to question the voluntariness of
> his plea, and we do not find any from our review of the record.
>
> Enforcing the appellate waiver also does not work a miscarriage of
> justice. Our Court of Appeals instructs, "the term 'miscarriage of
> justice' is more a concept than a constant." Nevertheless, the Court

of Appeals directs us to consider several factors in determining whether enforcing a waiver would work a miscarriage of justice, including: "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Our Court of Appeals cautions us to apply the miscarriage of justice exception "sparingly and without undue generosity."

Mr. Ball does not claim error in Judge Stengel's sentence, nor does he claim a change in the applicable sentencing guidelines or statutes or a newly discovered fact. He does not demonstrate how the terms of supervised release have negatively interfered with his life, nor does he identify changes in his life rendering the terms of his release unduly restrictive or burdensome. While we understand Mr. Ball, at sixty-eight years old, may be less likely to return to his life of crime, Judge Stengel knew Mr. Ball's age at the time of sentencing and knew how old Mr. Ball would be during his supervised release. Judge Stengel, familiar with Mr. Ball's long criminal history and the seriousness of the charges against him, thought it appropriate to sentence then fifty-five-year old Mr. Ball to 180 months imprisonment followed by a ten-year term of supervised release. We have no basis to find enforcing this sentence to be a miscarriage of justice.

*Id.* at *3. *See also United States v. Lui*, 2021 WL 242476 (E.D.Pa. Jan. 22, 2021)(Kearney, J.)(denying early termination of supervised release based upon same waiver language). The defendant attempts to distinguish *Bell* by stating that defense counsel, the Federal Defenders, who filed the original motion to terminate supervised release, did not file a reply to the government's response in opposition to the early termination of supervised release, and if they had, they might have won. Of course, such argument is mere speculation and should not be relied upon by the Court.

In the instant case, the Court painstakingly made sure that the defendant understood his appellate waiver:

THE COURT:   All right.   Just to make sure, the language says that by entering in this agreement, you voluntarily and expressly give up your right to appeal.   Right? That's the direct appeal. Or attack your conviction, your sentence, or any other matter relating to the prosecution of this case whether such a right to appeal or attack comes about as a result of these provisions of the law that are spelled out in this document and any other provisions of the law that might apply.   You understand that, right?

THE DEFENDANT:   I do.

Notes of Change of Plea, submitted as Attachment A in Government's initial response, at 47.

-----------

THE COURT:   So, normally, normally, if you were to exercise your right to a jury trial, right, and the Government presented their case, you have a right to challenge the sufficiency of the Government's case.   You have the right to challenge mistakes that I made in admitting evidence against you or in excluding evidence that was favorable to you.   You have a right to challenge your sentence, and direct appeal. All of that, you have a right to bring up to the Third Circuit Court of Appeals' attention.   By pleading guilty, you pretty much are limiting your rights to appeal in a very significant way.   Do you understand that?

THE DEFENDANT:   I do.

*Id.*

-----------

THE COURT:   So, in this particular case, notwithstanding this waiver, if the Government doesn't like the sentence I give you because I was too lenient and they didn't like it, and they file an appeal, under the terms of the agreement, you could file an appeal under that circumstance. Clear?

THE DEFENDANT:   Clear.

THE COURT:   If the Government is satisfied, then you cannot file an appeal unless the sentence I gave you is greater than any one count of conviction as we discussed in Paragraph 4.   And I think the statutory maximum is five years. You understand?

THE DEFENDANT:   I do.

THE COURT:   So, as long as I don't give you more than 60 months, you will not be able to appeal.   Do you understand?

THE DEFENDANT:   I do.

  *Id. a*t 46-47.

----------

THE COURT:   But unless you fall within this very limited exception, do you understand that you are pretty much giving up your right to file an appeal in this case, and you are giving up all these issues.   You understand that?

THE DEFENDANT:   I do, Your Honor.

THE COURT:   So the only thing that the agreement allow you to do is that you could challenge whether Attorney Mathewson provided constitutionally ineffective assistance of counsel during the proceedings before me, the guilty plea, and the sentence.   And you understand that?

THE DEFENDANT:   I do.

*Id.* at 49.

----------

THE COURT:   And do you have any questions about that? So on collateral review, what we call a writ of habeas corpus, that's the only circumstance or the very limited circumstance under which you could file an appeal and attack your conviction or your sentence.   Do you understand that?

THE DEFENDANT:   I do.

THE COURT:   So essentially you agree by signing on the dot, on this agreement, that ultimately you will not raise any appeal issues concerning the advisory nature of the sentencing guidelines calculations or any other collateral issues in this case, other than the issue whether your lawyer provided constitutionally ineffective assistance of counsel. You understand?

THE DEFENDANT:   I do.

*Id. a*t 49-50.

Furthermore, at paragraph 6 of the Acknowledgment of Rights, appended to the guilty plea and signed by defendant Dougherty, he agreed that he understood that if he pled guilty, he was giving up his right to appeal, except as set forth in the appellate waiver provisions of his plea agreement. The Court ultimately found that the defendant's guilty plea was knowing and intelligent. *Id. at 58.*

Even if this Court finds that the defendant's motion for early termination of probation is appropriate, the government has argued, and will not repeat here, that it does not believe that the Court should terminate the defendant's probation at this time. "After considering [the sentencing factors under Section 3553(a)] . . . the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (quotation marks omitted). Furthermore, "[d]istrict courts are not required to make specific findings of fact with respect to each of these" specified § 3553(a) "factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (citation omitted).

The Court "need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. However, the Third Circuit stated:

> We think that *[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is

satisfied that new or unforeseen circumstances warrant it. . . . That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release. But we disavow any suggestion that new or unforeseen circumstances must be shown.

*Id.* (citation and quotation marks omitted). The same argument is appropriate for early termination of probation.

Here, there has been no change in circumstances, and accordingly termination of probation is not advised. The defendant's compliance with the terms of probation is merely what is expected. *See, e.g., United States v. Guilliatt,* 2005 WL 589354, *1 (E.D. Pa. 2005) ("The conduct cited by defendant in support of his Petition is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If simple compliance with the terms of the court's supervision were sufficient to justify early termination, "the exception would swallow the rule." *Id. See also United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007) (holding that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").1

---

1      The defendant complains that the government failed to individualize its recommendation to the Court. On the contrary, the government wrote that terminating the period of probation before the period originally imposed by the Court simply sends the wrong message to the community, especially in such a high-profile case as this one. That recommendation was based on the defendant's status at the time of the crime, the high-profile nature of his prosecution, how he violated the trust of the community, and how his sentencing may continue to impact others. The defendant's actions while on probation have been commendable and the government certainly bears no ill will toward the defendant, but his sentence continues to have a general deterrent effect on others, which can only be lessened by a reduction of sentence at this time.

## Conclusion

For all of the above reasons, the motion for early termination of supervised release should be denied.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney


*/s Anthony J. Wzorek*
ANTHONY J. WZOREK
MICHELLE L. MORGAN
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's

Surreply to Defendant's Motion for Early Termination of Probation has been served by

ECF and by email on:


Lisa A. Mathewson, Esq.



*s/ Anthony J. Wzorek*
ANTHONY J. WZOREK
Assistant United States Attorney


Date:   May 4, 2021